NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0260n.06

No. 15-4044

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FRANK CONIGLIO, JR.; JOSEPH CONIGLIO, | ) | |
| | ) | |
| Plaintiffs, | ) | **FILED** |
| | ) | May 12, 2016 |
| and | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| TZANGAS, PLAKAS & MANNOS, LTD.; LEE E. PLAKAS; GARY A. CORROTO; JOSHUA E. O'FARRELL, | ) ) ) | |
| | ) | |
| Interested Parties-Appellants, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| v. | ) | |
| | ) | |
| CHESAPEAKE EXPLORATION L.L.C., | ) | |
| | ) | |
| Intervening Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| C B C SERVICES, INC.; BRANDON WILLIAMS; CHK UTICA, L.L.C., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BEFORE: NORRIS, McKEAGUE, and WHITE, Circuit Judges.**

**PER CURIAM.** Attorneys from the law firm Tzangas, Plakas & Mannos, Ltd. ("TPM") appeal the district court's order imposing 28 U.S.C. § 1927 sanctions for vexatious multiplication of the proceedings. TPM represented Plaintiffs Frank and Joseph Coniglio in this action arising out of an ongoing dispute over rights under an oil and gas lease. Plaintiffs own land in Ohio that is subject to an oil and gas lease, the rights under which were assigned to Chesapeake

Exploration L.L.C. and CHK Utica, L.L.C. ("Chesapeake"). Plaintiffs and Chesapeake were engaged in ongoing litigation concerning their differing views of Chesapeake's rights under the lease. When Chesapeake's contractor began work on a pipeline on Plaintiffs' land, Plaintiffs obtained a temporary restraining order against the contractor in state court. The contractor removed the case to federal court, Chesapeake intervened, and the district court dissolved the TRO.

Chesapeake moved for costs and fees under § 1927 for, *inter alia*, TPM's failure to name Chesapeake as a defendant. The district court granted the motion, but did not determine the amount of costs and fees to be awarded. The parties later settled the remaining merits issues, and the district court dismissed the matter with prejudice. However, the district court retained jurisdiction over the sanctions award and scheduled an evidentiary hearing. TPM then filed an unopposed motion to vacate the sanctions order, and offered two alternative orders: one vacating the order for sanctions and one awarding $1. While this motion was pending, counsel for Chesapeake emailed the district court to acknowledge the unopposed motion to vacate, together with the two proposed orders, "entry of either of which will bring the outstanding issues to a close." R. 132-1, Email, PID 4028. Counsel informed the court that the parties had "arrived at an agreed-upon amount of fees and costs to be paid by Tzangas Plakas Mannos, Ltd. in connection with the Fees Order," and asked the court to cancel the evidentiary hearing. *Id.* The district court denied the unopposed motion to vacate, concluding: "By voluntarily settling the amount of fees to be awarded, counsel for Plaintiffs have forfeited any right to seek vacatur." R. 132, Order, PID 4027. In the alternative, the district court ruled that the motion failed on the merits. The court refused to enter either order offered by Plaintiffs, and "decline[d] to enter *any* award with respect to its fee order." *Id.* at PID 4026 (emphasis added).

TPM appeals the sanction award and the denial of its motion to vacate. Pursuant to the settlement agreement, Chesapeake does not oppose the appeal. Chesapeake Br. 2 ("[P]ursuant to the settlement, Chesapeake did not oppose Appellants' motion in the district court seeking reconsideration or vacatur of the portion of the July 16 Order related to costs and fees, and Chesapeake does not oppose Appellants' appeal."). Given that the district court ordered the § 1927 sanctions on Chesapeake's motion, and that Chesapeake does not oppose vacatur of an award of its own costs and fees, we find no reason to deny the relief requested.

Accordingly, we **VACATE** the district court's order imposing § 1927 sanctions against TPM for its failure to name Chesapeake as a defendant in the complaint.